IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JLPR, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF AGRICULTURE AND FOOD, UTAH DIVISION OF PURCHASING AND GENERAL SERVICES, THE STATE OF UTAH, SCOTT ERICSON, KERRY GIBSON, KELLY PEHRSON, ANDREW RIGBY, CODY JAMES, NATALIE CALLAHAN, MELLISSA URE, BRANDY GRACE, CHRISTOPHER W. HUGHES, MARK ANDERSON, ZAC CHRISTENSEN, STEPHANIE CASTRO, STANDARD WELLNESS UTAH, LLC, and TRUE NORTH OF UTAH, LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:21-CV-436 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on motions to dismiss filed by all Defendants. For the reasons discussed below, Plaintiff's federal law claims fail as a matter of law and will be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss them without prejudice.

## I.     BACKGROUND

The Utah Medical Cannabis Act (the "Act") was passed in 2018, legalizing medical marijuana in Utah.[1] As part of the law, in May or June 2019, the Utah Department of Agriculture and Food (the "UDAF") invited applicants to apply for a limited number of medical marijuana

---

[1] Act of Dec. 3, 2018, ch.1, §§ 1–141, 2018 Utah Laws 3rd Spec. Sess. 3, 3–89.

cultivation licenses.[2] Plaintiff, JLPR, LLC ("JLPR") applied for a cultivation license by the July 1, 2019, deadline.[3]

As codified, the Act states "[a] person applying for a cannabis production establishment license or license renewal shall submit to the department for the department's review a proposed operating plan."[4] "If there are more qualified applicants than the number of available licenses for cannabis cultivation facilities,"[5] then the applicants "advance[] to a 'technical criteria evaluation stage' in which they [are] evaluated by a six-member UDAF evaluation committee . . . based on additional criteria."[6] The additional criteria includes "an applicant's business experience, the soundness of its 'operating plan' an applicant's 'positive connections to the local community,' and its demonstrated ability to 'reduce the cost [of the product] to patients.'"[7] The committee then decides whether to approve an application for a license and its authority to issue a license is plenary and not subject to review.[8]

At the time of JLPR's application, the Act authorized UDAF to issue as many as ten licenses for cannabis cultivation.[9] Of the total eighty-one applications, thirty-three applications, including JLPR's, met the minimum thresholds.[10] The Committee then met to "discuss those applications and determine who was the most qualified based on the contents of their submission

---

[2] *JLPR LLC v. Procurement Pol'y Bd.*, 2021 UT App 52, ¶ 3, 492 P.3d 784.

[3] *Id*. ¶ 5.

[4] Utah Code Ann. § 4-41a-204(1) (2019).

[5] *Id.* at § 4-41a-205(3).

[6] *JLPR LLC*, 2021 UT App 52, ¶ 3 (quoting Utah Code Ann. § 4-41a-205(3)).

[7] *Id.* (quoting Utah Code Ann. § 4-41a-205(3)).

[8] *Id.* ¶¶ 2, 6.

[9] *Id.* ¶ 2.

[10] *Id.* ¶ 6.

as outlined in the RFP."[11] The UDAF ultimately awarded eight licenses.[12] JLPR was not

awarded a license and appealed the decision.[13] After exhausting its administrative remedies,

JLPR appealed to the Utah Court of Appeals, which declined to disturb the prior administrative

decisions.[14]

     In July 2021, JLPR filed this case alleging eleven claims, including two federal claims

under 42 U.S.C. §§ 1983 and 1985 for violations of the Due Process and Equal Protection

Clauses.[15] The state law claims allege violations under the Utah Constitution, the Utah state

code, tortious interference, and conspiracy.[16]

II.    LEGAL STANDARD

     When evaluating a complaint under Rule 12(b)(6), the court accepts all well-pleaded

factual allegations, as distinguished from conclusory allegations, as true and views them in the

light most favorable to the non-moving party.[17] Plaintiff must provide "enough facts to state a

claim to relief that is plausible on its face,"[18] which requires "more than an unadorned, the-

---

[11] *Id.* (internal quotation marks and alterations omitted).

[12] *Id.* ¶ 7.

[13] *Id.* at ¶ 8.

[14] *JLPR v. Procurement Pol'y Bd.*, 2021 UT App 52, 492 P.3d 784.

[15] Docket No. 7; JLPR cites to 42 U.S.C. §1985 as a basis for federal question jurisdiction. Section 1985(3) requires "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (a § 1985 claim lacking an allegation of "class-based or racial discriminatory animus" must fail). Because JLPR makes no such allegations, § 1985 does not provide the Court with a basis for jurisdiction.

[16] Docket No. 7 at 28–39.

[17] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

defendant-unlawfully-harmed-me accusation."[19] However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21]

III.   DISCUSSION

The State of Utah and Kerry Gibson, Andrew Rigby, and Natalie Callahan (the "state defendants") argue in their motions to dismiss that JLPR's federal Due Process and Equal Protection Clause claims should be dismissed under Fed. R. Civ. P. 12(b)(6). Both argue that the claims flow from marijuana cultivation, which remains prohibited under federal law and is not entitled to redress federally. [22] Defendants also argue that JLPR does not assert protectible property or liberty interests under the Due Process Clause or provide a factual basis for a claim under the Equal Protection Clause. The Court agrees and will address the arguments in turn.

A.  Illegal Activity

Certainly the maxim, "[n]o court will lend its aid to a party who founds his claim for redress upon an illegal act"[23] applies here. Although many states have legalized the cultivation and use of both medical and recreational marijuana, these activities remain illegal under federal law.[24] Other district courts have found there is no federally protected interest in marijuana

---

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

[20] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[21] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[22] Docket No. 43 at 22–23; Docket No. 44 at 12.

[23] *The Florida*, 101 U.S. 37, 43 (1879).

[24] 21 U.S.C. §§ 812(c), 841(a)(1), 844(a); *Gonzales v. Raich*, 545 U.S. 1, 14 (2005) ("Congress classified marijuana as a Schedule I drug" and "[b]y classifying marijuana as a

cultivation and declined to lend aid where federal claims flow from marijuana cultivation.[25] In one such case, *Grandpa Bud, LLC v. Chelan Cnty. Wash.*, the plaintiff argued, as JLPR does here, that the right to cultivate marijuana is not at issue, only its property interest in nonconforming land use.[26] The court determined that plaintiff's "alleged property interest in nonconforming land use cannot easily be distinguished from its production of cannabis," and therefore, there was not a protectable interest under the U.S. Constitution.[27]

JLPR's alleged federal due process and equal protection rights flow from and are indistinguishable from marijuana cultivation. Therefore, the claims are not entitled to redress under federal law and fail as a matter of law. As such, the Court will dismiss JLPR's federal claims with prejudice.

B. Due Process Claim

Assuming federal law could provide a redress, JLPR fails to allege Defendants violated its due process rights when denying it a medical cannabis cultivation license. The Due Process Clause of the Fourteenth Amendment states, "No State shall . . . deprive any person of life,

---

Schedule I drug, . . . the manufacture, distribution, or possession of marijuana became a criminal offense.").

[25] *See Borges v. Cnty. of Mendocino*, 506 F. Supp. 3d 989, 999 (N.D. Cal. 2020) ("[P]laintiffs do not have [a] federally protected property interest in cultivating medical marijuana and thus . . . they cannot state a claim under § 1983 for violation of their due process rights."); *Smith v. City of Berkeley*, No. C 15-04227 WHA, 2015 WL 9269964, at *3 (N.D. Cal. Dec. 21, 2015) (unpublished) ("This Court will not lend aid to [the plaintiff's] efforts to operate an illegal [medical marijuana dispensary] business."); *Joe Hemp's First Hemp Bank v. City of Oakland*, No. C 15-05053 WHA, 2016 WL 375082, at *1 ("[I]t is inappropriate for a federal court to grant relief to an enterprise, such as a medical marijuana drug store, that is wholly illegal under federal law.").

[26] *Grandpa Bud, LLC v. Chelan Cnty. Wash.*, No. 2:19-CV-51-RMP, 2020 WL 2736984 at *4 (E.D. Wash. May 26, 2020).

[27] *Id.*

liberty, or property, without due process of law."[28] The Supreme Court has provided a
two-step inquiry to evaluate alleged procedural due process violations: "(1) whether the
plaintiff has shown the deprivation of an interest in 'life, liberty, or property' and (2)
whether the procedures followed by the government in depriving the plaintiff of that
interest comported with 'due process of law.'"[29] The Court has held that state law can
create protected liberty and property interests.[30] However, "an entitlement to nothing but
procedure cannot be the basis for a liberty or property interest."[31]

JLPR argues that it had a liberty interest in the State following specific procedures
"promised in Utah Code § 4-41a-205, which include . . . the need for the state to require all
applicants to abide by these same rules."[32] To assert a liberty interest protected by the due
process clause, the plaintiff must show "a present and legally recognized substantive
entitlement" rather than a "judicially unenforceable substantial hope."[33] A state "may choose to
require procedures for reasons other than the protection against deprivation of substantive rights,
. . . but in making that choice the State does not create an independent substantive right."[34] JLPR
has not asserted a cognizable liberty interest under the Due Process Clause as the enactment of a
procedure to award marijuana cultivation licenses does not create a substantive right.

---

[28] U.S. Const. amend. XIV, § 1.

[29] *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)).

[30] *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

[31] *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1192 (10th Cir. 2008) (quoting *Teigen v. Renfrow*, 511 F.3d 1072, 1081 (10th Cir. 2007)) (brackets removed).

[32] Docket No. 56 at 15.

[33] *Kerry v. Din*, 576 U.S. 86, 98 (2015) (Scalia, J., plurality).

[34] *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983).

JLPR also asserts that it has a substantive property interest because, under a fair process, it would be entitled to a license as "the most qualified applicant."[35] A property interest exists if discretion is limited by the procedures in question, that is, whether the procedures, if followed, require a particular outcome.[36] "However, where the governing body retains discretion and the outcome of the proceeding is not determined by the particular procedure at issue, no property interest is implicated."[37] To have a property interest in a benefit, a person must "have a legitimate claim of entitlement to it"[38] and "[a]lthough detailed and extensive procedural requirements may be relevant as to whether a separate substantive property interest exists, the procedures cannot themselves constitute the property interest."[39]

In *Teigen v. Renfrow*, the Tenth Circuit concluded that although state law provided the ability of an employee to be considered for job promotion and transfer, it created entitlement to "nothing but procedure."[40] Like here, the right to be fairly considered for the cultivation license is not itself a substantive right, but rather "a vehicle for arriving at the ultimate . . . decision."[41]

---

[35] Docket No. 56 at 15; Docket No. 7 ¶¶ 139, 143.

[36] *See Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) ("[A] right to a particular decision reached by applying rules to facts constitutes property.") (internal quotation marks and citations omitted); *Schulz v. City of Longmont, Colo.*, 465 F.3d 433, 444 (10th Cir. 2006) ("A benefit is not a protected entitlement if government officials may grant or deny it in their discretion.") (quoting *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005)).

[37] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1217 (10th Cir. 2003).

[38] *Roth*, 408 U.S. at 577.

[39] *Teigen v. Renfrow*, 511 F.3d 1072, 1081 (10th Cir. 2007) (internal citation omitted).

[40] *Id.*

[41] *Id.*

The Act provides the procedure for applying for a license and the threshold criteria with which the UDAF evaluates the application.[42] Even if an applicant satisfied the threshold criteria to obtain a cultivation license, that is not enough to be entitled to the license. "Entitlement to nothing but procedure" cannot "be the basis for a property interest" protected by the Due Process Clause.[43] Under the Act, UDAF's evaluation committee retained discretion to award cultivation licenses after considering relevant criteria.[44] Thus, JLPR's asserted entitlement to fair process and a cultivation license are insufficient to create a substantive property interest.

C. Equal Protection Claim

Again, even if federal law could provide a remedy to JLPR's complaint, it fails to allege Defendants violated its right to equal protection. The Equal Protection Clause states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."[45] The Supreme Court has reiterated that "[t]he purpose of the equal protection clause . . . is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution."[46]

Equal protection claims can be brought by a class of one, "in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen."[47] Such a

---

[42] Utah Code Ann. § 4-41a-201.

[43] *Town of Castle Rock,* 545 U.S. at 764.

[44] *See* Utah Code Ann. § 4-41a-205(3).

[45] U.S. Const. amend. XIV.

[46] *Vill.of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quoting *Sioux City Bridge Co. v. Dakota Cnty, Neb.*, 260 U.S. 441, 445 (1923)) (per curiam).

[47] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)).

claim requires "[a] plaintiff who 'alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"[48] Parties are similarly situated if they are "in all relevant respects alike."[49] The Tenth Circuit has recognized the particular importance of demonstrating similarly situated in class of one cases[50] and has upheld dismissal of class of one claims where the plaintiff "failed to allege, as it must, the identity or characteristics of other similarly situated [actors] and how those similarly situated actors were treated different."[51] "Accordingly, dismissal is proper where a party offers only conclusory allegations that others are similarly situated, without any factual support plausibly suggesting similarities 'in all material respects.'"[52]

Asserting a class of one case, JLPR fails to allege "specific factual allegations"[53] that it was substantially similar to the successful applicants. JLPR argues that it and the other applicants are similar because they were all seeking a cultivation license, citing to *Village of Willowbrook v. Olech*, to support this view.[54] However, that case did not involve state decisions that were "subjective and individualized."[55] Instead, in *Village of Willowbrook*, the government had a

---

[48] *A.N. ex. rel. Ponder v. Syling*, 928 F.3d 1191, 1196 (10th Cir. 2019) (quoting *Vill. of Willowbrook*, 528 U.S. at 564).

[49] *Coal. for Equal Rts., Inc. v. Ritter*, 517 F.3d 1191, 1196 (10th Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

[50] *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004).

[51] *Glover v. Mabrey*, 384 F. App'x 763, 778 (10th Cir. 2010); *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 60 (2d Cir. 2010) (upholding dismissal for plaintiff's failure to set out specific examples of similarly situated individuals and differing treatment).

[52] *Shifrin v. Toll*, 483 F. App'x 446, 450 (10th Cir. 2012) (quoting *Kan. Penn Gaming*, 656 F.3d at 1220).

[53] *Kan. Penn Gaming*, 656 F.3d at 1219 (citing *Twombly*, 550 U.S. at 570).

[54] Docket No. 56 at 17–18.

[55] *Kan. Penn Gaming*, 656 F.3d at 1218.

long-held policy of requiring a 15-foot easement on *all* property owners, regardless of circumstance.[56] Accordingly, when the government required the plaintiff to give a 33-foot easement, without any proper reason for deviation, it was likely that the decision was motivated by improper political animus.[57] This is not the case here, where several variables were considered in choosing licensees. Thus, JLPR fails to adequately allege that it was substantially similar to other applicants in all material respects under a federal equal protection claim. Therefore, this claim fails.

D. State Law Claims

In addition to its federal claims, JLPR asserts seven state law claims.[58] Where "district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[59] However, a "district court[] may decline to exercise supplemental jurisdiction" over a state law claim if: "the claim raises a novel or complex issue of State law," or the district court has dismissed all claims over which it has original jurisdiction.".[60] "When all federal claims have been dismissed, the court . . . usually should[] decline to exercise jurisdiction over any remaining state claims."[61]

---

[56] *Vill. of Westbrook*, 528 U.S. at 563.

[57] *Id.* at 565–66 (Breyer, J., concurring).

[58] *See* Docket No. 7.

[59] 28 U.S.C. § 1367(a).

[60] *Id.*§ 1367(c).

[61] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); s*ee Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] case properly belongs in state court . . . when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain."); *see also* Charles Alan Wright & Arthur R. Miller, 13D Federal Practice &

In deciding whether to retain jurisdiction, a district court considers factors including "the values of judicial economy, convenience, fairness, and comity."[62] The Act at issue is a new state law raising novel issues under Utah law and each of the relevant factors weigh in favor of the state law claims being resolved in state court. Therefore, the Court will not exercise supplemental jurisdiction over the remaining state law claims and will dismiss them without prejudice for the parties to pursue in state court.

IV.    CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiff's federal claims are DISMISSED WITH PREJUDICE and that the remaining state law claims are DISMISSED WITHOUT PREJUDICE.

DATED this 16th day of May, 2022.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

Procedure § 3567.3 (3d ed. 2019) ("As a general matter, a court will decline supplemental jurisdiction if the underlying [federal] claims are dismissed before trial.").

[62] *Carnegie-Mellon Univ.*, 484 U.S. at 350.